Nash, J.
 

 The case presents the single question, whether the defendant was bound to attend the Superior Court of Craven county to serve as a juror upon a special venire. The defendant alleges, that he was not so bound; for the reason, that he was a member of the Atlantic Fire Company in the town of Newbern, and was then acting as such. The Company was incorporated in 1846 and in 1849, by a
 
 *101
 
 public act, the members of that Company, while they continue to act as such, are exempted
 
 “
 
 from serving as jurors, either in the County or Superior Courts.” The defendant was regularly summoned and refused to serve.
 

 The words of the act are sufficiently broad to embrace the defendant's case. It is alleged, however, that it does not come within its meaning. We are referred to the case of
 
 Hogg,
 
 2 Murphy, 319, and to that of
 
 Williams,
 
 recognizing it, 1 Dev. and Bat. 303. The defendant, in the first ease, was a commissioner of Navigation, and by the act of 1S07, was exempted from serving on juries. He was summoned to attend the Superior Court of New Hanover, as a tabs juror, and refusing, under his exemption, was fined, and brought his case to the Supreme Court, when the judgment of the Court below was affirmed, upon the ground that the act of 1807 did not extend to tales jurors; but that the exemptions stated in it, meant from serving on the original pannel. The reasons assigned are, that these exemptions are not intended as privileges or compensations to the party, unless so expressed in the act. “ So far, therefore,” concludes the Court,
 
 “
 
 as serving on a jury does not interfere with their public avocations, they are still liable to be called on for that service.” And it is because a talisman must be taken from the bystanders at the Court, that they may be summoned, as his being a bystander proves, that he was not then, on official or professional duties, which required his attention. Do these reasons apply to an individual summoned to serve on a special
 
 venire ?
 
 It is thought not. It is true a special
 
 venire
 
 is not the original pannel, and the jurors are summoned only to try prisoners capitally indicted; yet they are taken from the body of the competent citizens of the country, liable to be summoned, while they are engaged in the pursuit of their ordinary business while at home at a distance from the Court House, bound to attend under the same penalties, that compel the presence of the original pannel, and bound as the latter are, “ to at
 
 *102
 
 tend from day to day, until discharged by the Court.”' There is little, if any, similarity between the talisman and the special
 
 venire
 
 juror. The former is bound to attend only on the day on which he is summoned, and upon its close, if not empanneled, he stands discharged, and may, without any leave of the Court, depart to his home. There is no reason, then, furnished by the case of
 
 Hogg,
 
 why the exemption, contained in the act of 1849, should not cover the defendant’s case. The duties which he, as a member of the Atlantic Fire Company, has to perform, are highly important to the community, and to their due performance, a regular train of drilling and exercise is necessary ; and at any moment,, as well in the day as in the night, the services of the Company may be needed. As the language of the-act of 1849 embraces the defendant’s case, and no good reason, so far as we can perceive, exists, why he should be deprived of the privilege therein expressed, we are of opinion that there is error in the judgment appealed from, and that lie was entitled to his discharge.
 

 Pee, Curiam, Judgment reversed.